IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TYLOR BUTTOLPH,<br><br>    Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY and DOES 1-10,<br><br>    Defendants. | CV 25-50-GF-KLD<br><br>ORDER |

Defendant Cascade County has filed a motion to strike portions of Plaintiff Tylor Buttolph's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Alternatively, Cascade County moves pursuant to Rule 21 for an order severing the claims against it from the claims properly directed against the State of Montana. (Doc. 3).

I.   **Background**

On December 11, 2024, Buttolph filed an action in the Great Falls Division of this Court alleging violations of his constitutional rights by Cascade County, the City of Great Falls, and two Great Falls police officers. *Buttolph v. Cascade County et al.*, 4:24-cv-00110-JTJ. Generally speaking, the Complaint in the Great Falls action alleged that (1) the State of Montana wrongfully prosecuted and convicted Buttolph of a criminal offense in Cascade County during 2019 and 2020,

1

and the conviction was later overturned (Doc. 4-1 at ¶¶ 12-49); (2) Buttolph was arrested by Cascade County Sheriff's deputies during a traffic stop on August 25, 2024, and was subjected to excessive force at the time of his arrest (Doc. 4-1 at ¶¶ 52-53); and (3) Buttolph was arrested by Great Falls Police officers during a traffic stop on September 29, 2024, was subjected to excessive force at the time of his arrest, and was charged with multiple criminal violations as a result of the arrest (Doc. 4-1 at ¶¶ 54-94).

On June 2, 2025, Cascade County filed an unopposed motion to sever the claims asserted against it from the claims asserted against the City of Great Falls and its police officers on the ground that the claims did not arise out of the same transaction and thus were improperly joined pursuant to Rule 21. *Buttolph*, 4:24-cv-00110-JTJ (Docs. 18, 19).  The court granted the motion and dismissed Cascade County from the case. *Buttolph*, 4:24-cv-00110-JTJ (Doc. 20).

On July 1, 2025, Buttolph filed this action against Cascade County and ten Doe Defendants. (Doc. 1). The Complaint reasserts the same allegations that Buttolph was wrongfully prosecuted and convicted in 2019 and 2020, but attributes the wrongful conduct to "Cascade County prosecutors" instead of the State. (Doc. 1 at ¶¶ 9-46). The Complaint also alleges misconduct based on the August 25, 2024, arrest by Cascade County sheriff's deputies. (Doc. 1 at ¶¶ 47-52).

## II.   Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Cascade County asks the Court to strike any matter relating to Buttolph's allegedly wrongful prosecution and conviction on the ground that the allegations are immaterial. Cascade County argues Buttolph's allegations of wrongful prosecution and conviction are immaterial because they (1) allege misconduct properly attributable to the State of Montana, which is not a named defendant, and (2) are entirely unrelated to the August 25, 2024, traffic stop giving rise to Buttolph's claims against Cascade County.

Although Buttolph's allegations of wrongful prosecution and conviction are directed at "Cascade County prosecutors" (Doc. 1 at ¶¶ 26, 29, 31-33, 35-36, 39), Cascade County contends Montana law is clear that county prosecutors are state actors. (Doc. 4 at 5-6, citing Mont. Code Ann. § 7-4-2176, *McDaniel v. State*, 208 P.3d 817 (Mont. 2009), *Raugust v. Montana*, 2020 WL 3506401 at *2 (D. Mont. June 29, 2020)). Because the State of Montana is not a named defendant, Cascade County argues Buttolph's allegations of wrongful prosecution and conviction are immaterial to the Complaint. This is particularly true, Cascade County submits, given that Buttolph's allegations of wrongful prosecution and conviction are wholly separate and distinct from the August 25, 2024, traffic stop giving rise to

3

his claims of misconduct by Cascade County sheriff's deputies. Cascade County therefore asks this Court to strike paragraphs 9-46 and 53-79 of the Complaint. (Doc. 4 at 3).  Alternatively, Cascade County asks the Court to sever the claims against it from the claims properly directed against the State of Montana. (Doc. 4 at 6-8).

Cascade County filed its motion to strike or sever on September 5, 2025. (Doc. 3). Buttolph's response was due 14 days later, on September 19, 2025. District of Montana Local Rule 7.1(d)(1)(B)(ii). As of the date of this Order, Buttolph has not filed a brief in response to Cascade County's motion. Local Rule 7.1(d)(1)(B)(ii) provides that "failure to file a response brief may be deemed an admission that the motion is well-taken." Consistent with the applicable Local Rule, the Court takes Buttolph's failure to file a response brief as an admission that Cascade County's motion is well-taken. The Court additionally finds that Cascade County's arguments in support of striking allegations of wrongful prosecution and conviction from the Complaint are well-taken on the merits.

Cascade County asks the Court to strike paragraphs 9-46 and 53-79 of the Complaint. (Doc. 4 at 3). But because paragraphs 53, 54(1) and 55-61 do not include any allegations relating to Buttolph's allegedly wrongful prosecution and conviction, they will not be stricken.

**III. Conclusion**

4

Because Cascade County's motion is well-taken on the merits, and without any opposition from Buttolph,

IT IS ORDERED that Cascade County's Motion to Strike or Sever (Doc. 4) is GRANTED. Paragraphs 9-46, 54(2) and (3), and 62-79 of the Complaint shall be stricken pursuant to Fed. R. Civ. P. 12(f) on the ground that they are immaterial.

IT IS FURTHER ORDERED that Buttolph shall refile an Amended Complaint on before October 31, 2025. The Court will schedule a preliminary pretrial conference by separate order.

DATED this 24th day of October, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge